

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

MIDDLE DIVISION

| | |
|---|---|
| JOSE LUIS TAPIA FIERRO, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 07-J-2101-M |
| MICHAEL MUKASEY, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of Homeland Security; CRAIG ROBINSON, Field Office Director, Department of Homeland Security; SCOTT HASSEL, Chief of Corrections, Etowah County Detention Center, | ) |
| Respondents. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed findings and recommendation on March 1, 2010, recommending that the petition for writ of habeas corpus be dismissed without prejudice as premature. (Doc. 27). On March 16, 2010 petitioner, through counsel, filed objections to the findings and recommendation.(Doc. 28).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the petitioner, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED.

The Court is cognizant of the arguments in the objections.[1] While the Court is troubled by the prolonged detention, there is a foreseeable and finite end point.  Mr. Fierro's claims are distinguishable

---

[1] The magistrate judge made reference to substantive issues in the recommendation.

from the civil detention context cited by the petitioner.  Such cases are potentially more indefinite in duration. Although the petitioner correctly notes that several circuits, most notably the Ninth Circuit, have found petitioners in analogous situations are entitled to bond hearings, the Eleventh Circuit has not. Moreover, not a single district court decision in the Eleventh Circuit which have dismissed the petitions of similarly situated petitioners has been overruled by the Court of Appeals.  It should be noted that not all circuits have uniformly determined that bond hearings are required for detained criminal aliens where, as here, a final order of removal has been entered, but stayed upon the petitioner's motion and subsequent legal challenge to the order itself.  Finally, the magistrate judge's determination that Fierro's detention is governed by § 1231, while debatable, is consistent with Eleventh Circuit precedent.

Although the petitioner has raised persuasive arguments and proffered well reasoned authority from other circuits, the cases do not address the precise issue found here.  The magistrate judge's conclusion, while certainly not consistent with Ninth Circuit authority, is nonetheless consistent with the reasoning of the district courts within the Eleventh Circuit.

Accordingly, the objections filed by petitioner are due to be OVERRULED and the petition for writ of habeas corpus DISMISSED as premature.   A Final Judgment will be entered.

It is noted that Fierro is not required to file a certificate of appealability to proceed on appeal in that he proceeds under 28 U.S.C.A. § 2241.[2] See *Sawyer v. Holder*, 326 F.3d 1363, 1364 n. 3 (11th Cir.

---

[2]  The federal statutory provision requiring a certificate of appealability applies to (A) final orders in habeas cases where detention arose "out of process issued by State court" and (B) final orders under § 2255. 28 U.S.C. § 2253(c)(1). Neither category applies here. The statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process.

2003) (concluding that a federal prisoner proceeding under section 2241 does not need a certificate of appealability to appeal). However, were one to be required, this court would be inclined to grant it.[3]

As to the foregoing it is SO ORDERED this the 22nd day of March 2010.

```
                                            _____
                                            INGE PRYTZ JOHNSON
                                            U.S. DISTRICT JUDGE
```

---

[3] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir.2004). The Court finds its resolution of Fierro's constitutional claims in this matter to be fairly debatable.